# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ANSARI MOHAMAD,

Plaintiff,

v. Case No.: 6:26-cv-688-JSS-LHP

CENTRAL FLORIDA TAX AND ACCOUNTING, INC., and ANEES AHMAD TANOLI,

Defendants,

---

## ORDER STAYING CASE

This matter is before the undersigned upon independent review of the file. On September 24, 2026, the undersigned issued an Order to Show Cause directing the parties to show cause in writing why this case should not be stayed pending resolution of Plaintiff Ansari Mohamad's claims in a closely-related case, *Mohamad v. Lawgical Insight, LLC, et al.*, Case No. 6:24-cv-2354-JSS-LHP ("*Mohamad I*"). Doc. No. 51. In that Order, the undersigned detailed the similarities in law and fact between this case and *Mohamad I*, to include Plaintiff's allegations in the complaint in this case that the claims arise from the same underlying factual and legal issues, and concern the same forensic process, electronic systems, and alleged access to electronic communications and tax-related data that are at issue in *Mohamad I*. Doc. No. 1. The undersigned further explained how the present case and *Mohamad I* both

concern whether the same discovery order issued in the same ongoing state court action, *Central Florida Tax and Accounting Services, Inc. v. Akbar A. Ali*, case number 2021-CA-011761-O, was violated, and if so, whether said violations also constituted violations of the Electronic Communications Privacy Act ("ECPA") and/or the Stored Communications Act ("SCA"). Doc. No. 51, at 2-3. And the undersigned noted that the Defendants in this case, Central Florida Tax and Accounting, Inc. ("CFTAS") and Anees Ahmand Tanoli ("Tanoli") are closely-related to the Defendants in *Mohamad I*. *Id.*, at 2-4.

With regards to the procedural posture of both cases, the undersigned also detailed the similarities and overlapping legal and factual issues in dispute. In the present case, both CFTAS and Tanoli filed motions to dismiss, as well as a motion to stay all case management deadlines pending resolution of their motions to dismiss, all of which are ripe and have been referred to the undersigned. Doc. Nos. 21, 25, 36, 37, 43, 45, 46-48. Since the filing of these motions, United States District Judge Julie S. Sneed, who is the Presiding District Judge in both this case and *Mohamad I*, granted summary judgment in favor of all defendants in *Mohamad I* as to all claims. *Mohamad I*, Doc. No. 204. In so doing, Judge Sneed directly resolved many of the same arguments CFTAS and Tanoli raise in the motions to dismiss in the present case, and also ruled on the *Mohamad I* Defendants' "good faith reliance" defense, finding it to be dispositive of all claims. *Id.* Judgment was entered in favor

of all defendants in *Mohamad I* on July 29, 2026, and Plaintiff thereafter filed motions to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). *Id.*, Doc. Nos. 205, 207-08. Those motions recently became ripe and remain pending. *See id.*, Doc. Nos. 211-12, 215.

Given the admitted overlap of factual and legal issues in both the present case and *Mohamad I*, the undersigned directed Plaintiff, CFTAS, and Tanoli to show cause as to why the present case should not be stayed until Plaintiff's claims in *Mohamad I*, including the Rule 59(e) motions, are fully resolved. Doc. No. 51. The undersigned specifically questioned whether judicial and attorney resources would be wasted by essentially addressing the same claims and issues twice, as well as whether a risk of inconsistent rulings and/or judgments existed if this case were to proceed while related issues in *Mohamad I* remain pending. *Id.*, at 5-6. In particular, the undersigned questioned whether Judge Sneed's rulings on the "good faith reliance" defense would apply equally to CFTAS and Tanoli here, given that Plaintiff alleges CFTAS and Tanoli retained Lawgical (a defendant in *Mohamad I*) and authorized/supervised Lawgical's work in the state court action, and that CFTAS and Tanoli argue in their pending motions to dismiss that they are alleged to have been mere aiders and abetters to Lawgical, for which they claim liability does not exist under the ECPA or SCA. *Id.* *See also* Doc. Nos. 21, 27, 36.

The parties timely-responded to the Order to Show Cause. Doc. Nos. 52-53. Plaintiff agrees that staying and administratively closing this case is appropriate pending resolution of *Mohamad I*. Doc. No. 52. In particular, Plaintiff agrees that if the judgment in *Mohamad I* is not altered or amended, that judgment may have a "substantial or controlling effect" upon the issues in this case. *Id.*, at 2. And if Judge Sneed grants relief under Fed. R. Civ. P. 59(e) in *Mohamad I*, Plaintiff suggests that consolidating this case with *Mohamad I* may be warranted. *Id.*[1]

CFTAS and Tanoli, however, oppose a stay of the case. Doc. No. 53. Defendants concede that the facts in this case and *Mohamad I* are similar, that the parties are related, and they agree with the undersigned's "astute observation" that Judge Sneed's rulings regarding the "good faith reliance" defense in *Mohamad I* would also apply to CFTAS and Tanoli in this case, providing "an additional avenue for dismissal with prejudice" in this case. *Id.*, at 2-3. In particular, Defendants state that "[f]inal resolution of *Mohamad I*, will definitively establish that no defendant in either of Mohamad's lawsuits violated the ECPA or the SCA." *Id.*, at 4. Despite these concessions, CFTAS and Tanoli argue that it would be an abuse

[1] Plaintiff also argues that Judge Sneed's rulings on the "good faith reliance" defense would not necessarily apply to CFTAS and Tanoli. Doc. No. 52, at 3-9. However, the undersigned does not find these somewhat contradictory arguments enough to outweigh the interests of judicial economy and the need to avoid inconsistent judgments in staying this action.

of discretion to stay this case, and instead urge the undersigned and Judge Sneed to rule on their motions – in particular their arguments regarding derivative liability. *Id.*, at 2-3.[2] CFTAS and Tanoli further contend that the present litigation is a "vexatious gambit" brought by Plaintiff in "bad faith," which exists solely because Plaintiff failed to properly effect service of process on CFTAS and Tanoli in *Mohamad I*, and that any stay would "reward [Plaintiff's] bad behavior by further delaying Defendants' justice" in the state court litigation. *Id.*, at 10-12.

A court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). *See also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset,

---

[2] CFTAS and Tanoli further acknowledge Judge Sneed's rulings on their subject matter jurisdiction and Article III standing arguments, and contend that resolution of similar arguments in the present case would not necessarily result in inconsistent judgments. Doc. No. 53, at 6-7. The undersigned disagrees, as many of the arguments raised here are virtually identical to those raised in *Mohamad I*. And with respect to Defendants' reliance on *Hunstein v. Preferred Collection and Mgmt. Svcs.*, 48 F.4th 1236 (11th Cir. 2022) in this case, the undersigned would first be forced to find that the disclosure of Plaintiff's private information was only between principal (CFTAS and Tanoli) and agent (Lawgical), whereas Judge Sneed has already found in *Mohamad I* that the disclosure was made in connection with the state court action. The undersigned also finds unpersuasive Defendants' suggestion that the undersigned can recommend dismissal of the present case by interpreting the state court discovery order, while simultaneously reasserting its arguments that this Court lacks subject matter jurisdiction to do so. Doc. No. 53, at 8-9.

we stress the broad discretion district courts have in managing their cases."). In certain situations, this includes staying a case. *See Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (stating that a "stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court"). Although generally disfavored, a stay is also warranted to avoid undue burden or expense on the parties. Fed. R. Civ. P. 26(c); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery until the district court rules on a pending dispositive motion[.]").

Several factors are considered when evaluating whether to stay a case, "including prejudice to the [party opposing a stay], whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court." *Owens-Benniefield v. Nationstar Mortg. LLC*, No. 8:17-cv-540-T-33TGW, 2017 WL 1426720, at *2 (M.D. Fla. Apr. 21, 2017) (citing *Mackiewicz v. Nationstar Mortg., LLC*, No. 6:15-cv-465-Orl-18GJK, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015)). Indeed, federal courts routinely exercise their power to stay a proceeding where a pending decision in another court would "have a substantial or controlling effect on the claims and issues in the stayed case." *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). Federal courts generally avoid duplicative

litigation because it is a waste of judicial resources for two courts to decide the same issues for the same parties. *Georgia ex rel. Olens v. McCarthy*, 833 F.3d 1317, 1321 (11th Cir. 2016). Courts have broad discretion "to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *Id.* (citation omitted).

Here, as discussed in detail above and in the undersigned's September 24, 2026 Order (Doc. No 51), both this case and *Mohamad I* share near identical facts, related parties, the same claims, and numerous overlapping legal issues, several of which – including subject matter jurisdiction and the "good faith reliance" defense – arguably apply equally in both cases. As such, the undersigned finds that judicial economy is best served by staying this case pending the outcome of the motions to alter or amend judgment in *Mohamad I* as it would simplify and clarify the issues remaining in this case, as well as reduce the burden of litigation.

In addition, despite Defendants' fulsome arguments in their response (Doc. No. 53), the undersigned does not find that any prejudice Defendants may suffer outweighs the benefits of a stay. First, *Mohamad I* is much farther along than the present case. *Mohamad I* is at the post-judgment motions stage; if Plaintiff prevails the next step is a trial (and potential consolidation of this case as Plaintiff suggests). If Plaintiff fails, then *Mohamad I* ends, and the rulings in that case would greatly streamline – if not end – the present litigation. Thus, Defendants will not be left

"effectively out of court," as any stay will not be for an unduly prejudicial period of time. *See Miccosukee Tribe of Indians of Fla.*, 559 F.3d at 1198 (dismissing interlocutory appeal and approving of district court's decision to stay litigation pending appeal of related federal action, where district court "noted 'extensive similarities' between the issues in the cases and found that 'the interests of justice and judicial economy, including avoiding inconsistent results, the duplication of efforts, and the waste of judicial resources, will be promoted by granting a stay of this proceeding'"). In contrast, the present case is in its infancy; it is less than seven (7) months old, with discovery not closing until May 3, 2027. Doc. No. 28. And the undersigned notes Defendants' desire to stay all case management deadlines in this case *except* ruling on their motions to dismiss. *See* Doc. No. 37. The undersigned is also not convinced by Defendants' representation that staying this case pending resolution of the motions in *Mohamad I* "as a practical matter" prevents the parties in the state court action from conducting discovery, as it would seem that same "practical effect" would exist until *Mohamad I* itself is resolved.

For these reasons, the undersigned finds that further litigation in the present case would run the risk of inconsistent rulings as well as not serve the interest of judicial economy, and therefore a stay is warranted. *See, e.g., BC Dental, Inc. v. FSH Maint., LLC,* No. 8:23-cv-00664-WFJ-LSG, 2024 WL 5186887, at *6-7 (M.D. Fla. Dec. 20, 2024) (staying case pending resolution of related state court litigation "in the

interest of judicial economy and to avoid inconsistent results"); *Gilberti v. DeSantis*, No. 2:19-cv-282-FtM-38MRM, 2019 WL 5103312, at *1 (M.D. Fla. June 20, 2019) (staying case pending outcome of appeal in another court where both cases shared the same threshold issue). *See also Martincek v. Lloyd & McDaniel, PLC*, No. 1:25-CV-02788-ELR-RDC, 2025 WL 4696119, at *2 (N.D. Ga. Dec. 2, 2025) (magistrate judge order staying all pretrial deadlines and discovery pending resolution of motion to dismiss); *Bill H. v. Anthem Blue Cross*, No. 8:25-cv-647-TPB-LSG, 2025 WL 1580794, at *1 (M.D. Fla. June 4, 2025) (magistrate judge order staying case management report and all remaining case management deadlines pending resolution of motion to dismiss); *Seminole Cnty. Tax Collector v. Domo, Inc.*, No. 6:18-cv-1933-Orl-40DCI, 2018 WL 6620952, at *1 (M.D. Fla. Dec. 13, 2018) (magistrate judge order staying discovery and all case management deadlines pending resolution of motion to compel arbitration).

Accordingly, it is hereby **ORDERED** as follows:

1. This case and all existing case management deadlines (Doc. No. 28) are **STAYED** pending resolution of Plaintiff's motions to alter or amend judgment in *Mohamad v. Lawgical Insight, LLC, et al.*, Case No. 6:24-cv-2354-JSS-LHP (Doc. Nos. 207-08). The Clerk of Court is **DIRECTED** to administratively close the case.

2. Defendants' motions to dismiss (Doc. Nos. 21, 36) are **DENIED WITHOUT PREJUDICE**, to refiling, if appropriate, upon the lifting of the stay.

3. Defendants' motion to stay (Doc. No. 37) is **DENIED AS MOOT**.

4. Within **thirty (30) days** of the issuance of an Order resolving Plaintiff's Rule 59(e) motions in *Mohamad I*, the parties shall file a joint notice with the Court addressing the effect such Order has on the continued litigation of this case, including whether this case should be consolidated with *Mohamad I*.

**DONE** and **ORDERED** in Orlando, Florida on October 15, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record